UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-37-MOC-DCK

| | |
|---|---|
| MARGARET CHAMBERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| NORTH CAROLINA DEP'T ) | **ORDER** |
| OF JUSTICE, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on a Motion to Dismiss, filed by Defendants North Carolina Department of Justice, Timothy Rodgers, and Robin Pendergraft. (Doc. No. 4).

### I. BACKGROUND

Plaintiff filed this action in state court, bringing a race and gender discrimination claim against North Carolina Department of Justice (NCDOJ) and its employees Timothy Rodgers and Robin Pendergraft after NCDOJ terminated Plaintiff's employment with DOJ's Medicaid Investigations Division. Plaintiff brings her claims pursuant to 42 U.S.C. § 1983, alleging that Defendants discriminated against her in violation of her First and Fourteenth Amendment rights under the U.S. Constitution, and under 42 U.S.C. § 1981. Defendants removed the action to this Court on January 27, 2022.

In her Complaint, Plaintiff alleges, among other things, that at some point in 2012 she was interviewed during a workplace investigation into allegedly inappropriate workplace conduct by Defendant Timothy Rodgers. (Doc. No. 1-1, ¶ 13). Plaintiff alleges that Defendant Rodgers was made aware of statements she made against him during that investigation and

1

consequently commenced to treat her differently than white males in the office. (Doc. No. 1-1, ¶ 14).

Plaintiff alleges that she was wrongfully placed on a performance modification action plan on October 7, 2016. (Doc. No. 1-1, ¶¶ 22–23). Plaintiff alleges that, on March 6, 2017, she was given a written warning for mishandling an affidavit and as result she was placed on a second performance modification plan. (Doc. No. 1-1, ¶ 24). On April 18, 2017, Plaintiff was issued a letter of counseling regarding her performance. (Doc. No. 1-1, ¶ 25). Plaintiff alleges that, due to harassment and bullying at work, she took leave under the Family Medical Leave Act. (Doc. No. 1-1, ¶ 27). On November 21, 2017, Plaintiff's employment was terminated. (Doc. No. 1-1, ¶ 34).

On November 19, 2021, Plaintiff filed this action based on her termination. (Id.). She alleges that Defendants unlawfully terminated her because of her race and gender and in retaliation for complaining about the racial and gender discrimination she endured at work. Plaintiff alleges that Defendants deprived her of her U.S. Constitutional rights under the Equal Protection Clause of the Fourteenth Amendment and the First Amendment to the U.S. Constitution. She also alleges she was wrongfully terminated based on her race in violation of 42 U.S.C. § 1981.

**II.  STANDARD OF REVIEW**

Defendants have filed a motion to dismiss, pursuant to Rule 12(b)(1), 12(b)(2), and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This Court must dismiss all or part of a complaint over which it lacks subject matter and personal jurisdiction. FED. R. CIV. P. 12(b)(1) and (2). This threshold question shall be addressed by the court before considering the merits of the case. Jones v. Am. Postal Workers Union, 192

F.3d 417, 422 (4th Cir. 1999). Plaintiff has the burden of proving that jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

A motion to dismiss based on sovereign immunity is a jurisdictional issue; whether sovereign immunity is grounded in a lack of subject matter jurisdiction or personal jurisdiction is unsettled in North Carolina. See M Series Rebuild, LLC v. Town of Mount Pleasant, Inc., 222 N.C. App. 59, 59 (2012). Likewise, "Eleventh Amendment immunity has attributes of both subject-matter and personal jurisdiction." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

III. DISCUSSION

### A. Plaintiffs' Claims for Damages against Defendants in their Official Capacities

The Court first finds that all of Plaintiff's claims arising under federal law against Defendants in their official capacities that seek monetary relief are barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment bars suits brought in federal courts by a state's own citizens or the citizens of another state to the extent the suit seeks retrospective relief, including damages, against an unconsenting state. See Edelman v. Jordan, 415 U.S. 651, 662–68 (1974) (explaining that Ex Parte Young, 209 U.S. 123 (1908) and subsequent Supreme Court cases have limited relief against unconsenting states to prospective injunctive relief necessary to comply with federal law). Because a suit against a state official in his or her official capacity "is no different from a suit against the State itself," the Eleventh Amendment also bars suits brought in federal court that seek monetary relief from state officials in their official capacity. Will v. Mich. Dep't of State Police, 491 U.S. 59, 71 (1989); see also Biggs v. Meadows, 66 F.3d 56, 61 (4th Cir. 1995) (noting that compensatory or punitive damages are unavailable as relief in official capacity suits). While Congress may abrogate a state's Eleventh Amendment immunity in certain limited circumstances, the Supreme Court has determined that Congress did not intend to abrogate Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983. Will, 491 U.S. at 66.

Accordingly, the Eleventh Amendment bars any claims Plaintiff has for monetary damages against Defendants in their official capacities.

### B. Statute of Limitations Bar

In any event, the Court finds that Plaintiff's discrimination claim against Defendants is barred by the applicable statute of limitations. Plaintiff asserts a discrimination claim under 42 U.S.C. § 1981, which provides, in pertinent part:

4

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens....
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981. However, § 1983 provides a private right of action in suits against state actors, such as moving defendants named in the instant case:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. Because of the express cause of action provided by § 1983, the United States Supreme Court has held that "Congress intended that the explicit remedial provisions of § 1983 be controlling in the context of damages actions brought against state actors alleging violation of the rights declared in § 1981." Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 731 (1989). Accordingly, "when suit is brought against a state actor, § 1983 is the 'exclusive federal remedy for violation of the rights guaranteed in § 1981.'" Dennis v. Cty. of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995) (quoting Jett, 491 U.S. at 733).

Under Jett, the Court must deem Plaintiff's claims asserted under § 1981 against the moving Defendants to arise pursuant to § 1983, and thus apply the three-year statute of limitations applicable to § 1983 claims in North Carolina.[1] See Goodman v. Lukens Steel Co., 482 U.S. 656, 661 (1987); N.C. Gen. Stat. § 1-52. A cause of action for wrongful termination or

---

[1] To the extent Plaintiff also alleges violations of her First and Fourteenth Amendment rights, these claims are subject to the same statute of limitations.

5

retaliation under § 1983 accrues when the plaintiff learned of the employer's adverse employment decision. See Chardon v. Fernandez, 454 U.S. 6, 7–8 (1981).

Applying the three-year statute of limitations, Plaintiff's claims against the moving Defendants are all barred by the statute of limitations. Accord Brown v. Gibson, No. 4:17-CV-180-FL, 2019 WL 7194069, at *5 (E.D.N.C. July 1, 2019). Plaintiff commenced this action on November 19, 2021. Plaintiff's employment was terminated on November 21, 2017, more than three years before she filed this action. Thus, Plaintiff's claims must be dismissed against the moving Defendants as barred by applicable three-year statute of limitations.[2]

### IV. CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss is granted, and this action is dismissed with prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion to Dismiss, (Doc. No. 4), is **GRANTED**, and this action is dismissed with prejudice.

2. The Clerk is directed to terminate this action.

---

[2] Additionally, as its plain language indicates, Section 1983 claims can only be brought against "persons" who are acting under color of state law. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999). Because the North Carolina Department of Justice is not a person, it is simply not subject to suit under Section 1983. Finally, because the Court finds that Plaintiff's claim is time-barred, the Court does not address Defendants' alternative argument that Plaintiff has failed to state a claim of discrimination under Section 1981 against the named individual Defendants.

Signed: May 6, 2022

Max O. Cogburn Jr
United States District Judge